[Civ. No. 8437. Second Appellate District, Division One.—October 10, 1932.]

In the Matter of the Guardianship of the Persons and Estates of FAY LOUISE STRONG et al., Minors. IDA FAY McKEE, Appellant, v. LOUISE MAY STRONG, Respondent.

Phi. O. Clough for Appellant.

Beardsley & Beardsley and Charles E. Beardsley, for Respondent.

YORK, J.—This is an appeal from an order granting a petition made by the aunt of minors under fourteen years of age, by which order said aunt was made the guardian of the persons of said minors. No appeal is taken from that portion of the order which made the said aunt the guardian of the estate of all of said minors, and of the person of the minor who was over the age of fourteen years. The appeal is prosecuted by the mother of the children, who specifies insufficiency of the evidence to justify the findings, in that there is no evidence proving or tending to prove that the said appellant, Ida Fay McKee, had abandoned or deserted the said four minor children. A decree of divorce between appellant and the father of the children, who is now deceased, was introduced into evidence, in which decree such a finding was made and which finding is sufficient upon which to predicate the finding of the court in the present case. Subdivision 32, section 1963, Code of Civil Procedure: "All other presumptions are satisfactory, if uncontradicted. They are denominated disputable presumptions, and may be controverted by other evidence. The following are of that kind: . . . 32. That a thing once proved to exist continues as long as is usual with things of that nature."

Appellant also contends that the evidence is insufficient to prove that she is now unfit or incompetent to have the care, custody and control of the said minor children. This also is covered by the findings in the decree of divorce, above mentioned.

Appellant also contends that the evidence is insufficient to justify the finding by the court that petitioner, Louise May Strong, is more competent and better fitted to have the custody and control of said children than is the appellant. The evidence introduced upon this subject was highly conflicting, and, therefore, the finding of the trial court is conclusive upon an appellate court.

The judgment and order appealed from is affirmed.

Conrey, P. J., and Houser, J., concurred.